UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**RAM KRISHANA INC**            **CASE NO.  2:21-CV-03031**

**VERSUS**                      **JUDGE JAMES D. CAIN, JR.**

**MT HAWLEY INSURANCE CO**      **MAGISTRATE JUDGE KAY**

**MEMORANDUM ORDER**

Before the court is a Motion to Transfer [doc. 18] filed by defendant Mount Hawley Insurance Company and seeking to transfer this action to the Southern District of New York pursuant to a forum selection clause. Plaintiff Ram Krishana Inc., d/b/a Motel 6 of Sulphur, opposes the motion. Doc. 20.

**I.
BACKGROUND**

This suit arises from an insurance claim made by plaintiff, a Louisiana entity operating a motel in Sulphur, Louisiana, for damages incurred in Hurricane Laura in August 2020 and Hurricane Delta in October 2020. At all relevant times plaintiff had in place a commercial insurance policy with defendant. *See* doc. 18, att. 2. Plaintiff alleges that defendant failed to timely compensate it under the terms of the policy after sufficient proof of loss; accordingly, it filed suit in this court for breach of contract and bad faith under Louisiana Revised Statute §§ 22:1892 and 22:1973. Doc. 1.

Defendant now moves to transfer the suit to the Southern District of New York, citing the policy's Legal Actions Conditions Endorsement. Doc. 18. That provision reads:

> All matters arising hereunder including questions relating to the validity, interpretation, performance and enforcement of this Policy shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflict of laws rules).
>
> It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, any Named Insured, any additional insured, and any beneficiary hereunder shall submit to the jurisdiction of a court of competent jurisdiction in the State of New York, and shall comply with all the requirements necessary to give such court jurisdiction. Any litigation commenced by any Named Insured, any additional insured, or any beneficiary hereunder against the Company shall be initiated in New York. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court.

Doc. 18, att. 2, p. 103. Defendant maintains that this language gives rise to a mandatory forum selection clause and that transfer of the suit to the United States District Court for the Southern District of New York is therefore required. Doc. 18, att. 1.

## II.
## LAW & APPLICATION

A forum selection clause is enforced through a motion for transfer of venue under 28 U.S.C. § 1404(a). *Weber v. PACT XPP Technologies AG*, 811 F.3d 758, 767 & n. 9 (5th Cir. 2016) (citing *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Tex.*, 571 U.S. 49 (2013)). When there is a valid forum selection clause, the plaintiff's choice of forum and private interest factors merit no weigh in light of the parties' agreement as to the proper forum. *Atl. Marine*, 571 U.S. at 63. Instead, the plaintiff bears the burden of showing that transfer to the bargained-for forum is unwarranted based on public interest considerations. *Id.* It may prevail by showing that enforcement of the clause violates a

2

"strong" or "fundamental" public policy of the forum state. *Barnett v. DynCorp. Internat'l, LLC*, 831 F.3d 296, 303–04 (5th Cir. 2016).

As the undersigned previously determined, a recent amendment to Louisiana Revised Statute 22:868(A) reflects a fundamental public policy of the state of Louisiana against such forum selection clauses in insurance contracts. *Oak Haven Mgmt. LLC v. Starr Surplus Lines Ins. Co.*, 2021 WL 4134033 (W.D. La. Sep. 9, 2021). The prior version of § 22:868(A) forbade a "condition, stipulation, or agreement . . . depriving the courts of Louisiana of the jurisdiction of action against the insurer." *Al Copeland Investments, LLC v. First Specialty Insurance Co.*, 884 F.3d 540 (5th Cir. 2018) (alterations omitted). The Fifth Circuit noted that the statute said nothing about venue, a separate concept from jurisdiction, and found no basis for concluding that Louisiana had a strong public policy against forum selection clauses in insurance contracts. *Id.* at 544–45. The amended version of the statute, which became effective on August 1, 2020, reads:

> A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, or any group health and accident policy insuring a resident of this state regardless of where made or delivered, shall contain any condition, stipulation, or agreement either:
>     (1) Requiring it to be construed according to the laws of any other state or country except as necessary to meet the requirements of the motor vehicle financial responsibility laws of such other state or country.
>     (2) Depriving the courts of this state of the jurisdiction **or venue** of action against the insurer.

La. Rev. Stat. 22:868(A) (emphasis added). "The Legislature's decision to amend Section 22:868(A) to prohibit insurance contract clauses depriving Louisiana courts of venue shortly after the Fifth Circuit's ruling in *Al Copeland* suggests Louisiana has a strong public

3

interest in locally adjudicating insurance claims affecting Louisiana residents." *Dynamic Indus., Inc. v. MetLife – Am. Int'l Grp – Arab Nat'l Bk. Coop. Ins. Co.*, 2021 WL 6052700 (E.D. La. Dec. 9, 2021). Accordingly, cases cited by defendant prior to this legislation are inapposite.[1]

As defendant emphasizes in its reply, however, both the pre- and post-amendment versions of the statute contain a carve-out for certain types of policies. Specifically, § 22:868(D) provides:

> The provisions of Subsection A of this Section shall not prohibit a forum or venue selection clause in a policy form that is not subject to approval by the Department of Insurance.

La. Rev. Stat. § 22:868(D). Under Louisiana Revised Statute § 22:446(A), policies issued by surplus lines insurers are not subject to regulation by the Louisiana Department of Insurance. Accordingly, the defendant maintains that any public policy interest of the state reflected in § 22:868(A) does not apply to the policy at issue in this matter.

The court disagrees. The exception carved out in § 22:868(D) appears to be merely a recognition of the state's lack of regulatory authority over such policies. Forum selection clauses in insurance contracts violate serious public policy interests of the forum state, namely allowing claims to be resolved in a more efficient manner and allowing courts of

---

[1] Defendant relies in chief on *Creekstone Juban I, LLC v. XL Ins. Am., Inc.*, 282 So.3d 1042 (La. 2019), which also concerned a forum selection clause mandating that suit be filed in the state of New York. Assigning persuasive value to *Copeland*, supra, and relying on the **prior** version of § 22:868, the court found that the statute did not express a public policy interest against the forum selection clause. *Id.* at 1048–49. It also rejected the insured's argument that enforcement of the clause would lead to absurd consequences, noting that "[t]he parties to this contract are sophisticated Delaware entities engaging in a commercial transaction, and they exercised contractual freedom to resolve any dispute related to the contract in a particular forum in arm's-length negotiations." *Id.* at 1049. Not so in this matter, which involves a Louisiana entity as the named insured. *See* doc. 1, ¶ 1.

the forum state to interpret issues of state law. These interests are still in play for plaintiff's claim against its insurer. Accordingly, the forum selection clause is unenforceable.

## III.
### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion to Transfer [doc. 18] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 27th day of January, 2022.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE